[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2006
THOMAS K. KAHN
CLERK

No. 04-14148
Non-Argument Calendar

_____

D. C. Docket No. 04-60024-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESTER NORTON, a.k.a. Davon Lee Wallace,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 21, 2006)**

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Lester Norton appeals his sentence of thirty months imprisonment, imposed

following his guilty plea for conspiracy to commit bank fraud and bank fraud. Norton's sentence included several enhancements based on facts not found by the jury nor admitted by Norton. Therefore, Norton's sentence violates the Sixth Amendment under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 161 L.Ed.2d 621 (2005), and we remand for the district court to resentence Norton under an advisory guidelines scheme. We conclude, however, that the district court properly denied the reduction for Norton's alleged minor role in the offense, and correctly applied the enhancement for identity theft.

I. Background

Norton was indicted along with one codefendant, Alfred Davis, for one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, and three counts of bank fraud, in violation of 18 U.S.C. § 1344. He entered an unconditional plea to all four counts. According to the record, Davis created an internet Paypal account (which enables internet payment and money transfers for purchases) in the name of Donald Hink, who Davis falsely listed as the administrator of Boca Raton Community Hospital. Davis transferred funds from the hospital's account to his Paypal account, and then transferred the money from Paypal to an account at that Norton had opened at Wachovia using the fake name of Davon Lee Wallace and another person's real social security number. Norton

2

then withdrew funds amounting to $105,000 from the Wachovia account.

The probation officer prepared a presentence investigation report ("PSI"), grouping the offenses together and assigning a base offense level of 7 under U.S.S.G. § 2B1.1(a)(1), with a 10-level enhancement for the intended amount of loss of $200,000. According to the probation officer, after the defendants transferred $105,000, they attempted to transfer an additional $95,000 into the Paypal account, which Paypal discovered and stopped. The probation officer then recommended a two-level enhancement for sophisticated means, U.S.S.G. § 2B1.1(b)(8)(C), and another two-level enhancement for identity theft under U.S.S.G. § 2B1.1(b)(9)(C)(i). With a 3-level reduction for acceptance of responsibility, Norton's total offense level was 18, and his criminal history category was III, resulting in a guidelines range of 33 to 41 months imprisonment.

Norton filed several objections to the PSI. First he claimed that the enhancements were unconstitutional under Blakely (now Booker). Second, he made factual objections to the amount of loss, which he conceded should have been $105,000, and to the enhancements for sophisticated means and identity theft. Third, he claimed he was entitled to a reduction for his minor role in the offenses.

At sentencing, Secret Service agent Charles Brad Leopard testified that Norton had opened the accounts under a fake name due to his criminal history and

3

his desire to hide money from his probation officer. Leopard explained that Norton's role in the conspiracy was to open the account and withdraw funds through cashier's checks, withdrawals, and through giving Davis ATM access and blank checks. According to Leopard, Norton used the account before the conspiracy began, although he could not say for what purposes.

After considering the arguments, the district court sustained the objection to the amount of loss, finding that the amount was too speculative. The court overruled the Blakely objection and the objections to sophisticated means and identity theft, finding that Norton had used another person's name and another social security number to open accounts as part of the conspiracy. The court indicated, however, that these issues presented "close calls." The court further denied a reduction for role in the offense, concluding that Norton played an integral part in the scheme, and, even though his conduct was less culpable than Davis's conduct, he was not a minor participant. With a total offense level of 17, Norton's guidelines range was 30 to 37 months imprisonment. The court sentenced Norton to 30 months on each count, to run concurrently, and ordered him to pay restitution in the amount of $105,000.

II. Discussion

A. Booker error

In Booker, the Supreme Court held that Blakely applied to the federal sentencing guidelines and that the Sixth Amendment required that any fact that increased a defendant's sentence beyond the maximum sentence authorized by the facts established by a plea or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt. 125 S.Ct. at 738. This court has explained that a Booker error also results from the district court's use of a mandatory guidelines scheme, even in the absence of any constitutional error. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Notably, after Booker, the same extra-verdict enhancements remain, and the district court considers the same factual evidence in applying the enhancements as it would under a mandatory guidelines scheme. United States v. Williams, 408 F.3d 745 (11th Cir. 2005). Additionally, after Booker, this court applies the same standard of review for applications of guidelines enhancements. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).

Because Norton preserved his Booker challenge in the district court, we review the sentences de novo, but will reverse only if the error was not harmless. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). The burden is on the government to show that the error was harmless. Id. There are two standards for the harmless error test. Constitutional harmless error occurs when the error did not

5

affect the defendant's substantial rights, that is "where it is clear 'beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained.'" United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005). Statutory harmless error is a less demanding standard, but requires the government to show that, viewing the proceedings in their entirety, the error had no effect or a very slight effect on the sentence. Id.

Here, the government concedes that the error was not harmless and that Norton's case should be remanded for resentencing under an advisory guidelines scheme.[1] Accordingly, we vacate and remand for resentencing. On remand, the district court is required to sentence Norton under an advisory guidelines regime and shall consider the guidelines range of 30 to 37 months imprisonment and the sentencing factors of 18 U.S.C. § 3553(a) in determining a reasonable sentence. Booker, 125 S.Ct. at 757; United States v. Devegter, slip op. at 1390-91(No. 04-14075) (11th Cir. Feb. 16, 2006); Crawford, 407 F.3d at 1178.

B. Minor-Role Reduction

We review a district court's determination of a defendant's entitlement to a role reduction for clear error. United States v. Rodriguez De Varon, 175 F.3d 930,

---

[1] Because Norton received extra-verdict enhancements, there was constitutional error in addition to the statutory error. Given the district court's statement that the application of these enhancements presented a close call, the government has not met its burden of showing that the constitutional error was harmless.

938 (11th Cir. 1999) (en banc). The defendant has the burden of establishing his role by a preponderance of the evidence. Id. at 939; see also United States v. Boyd, 291 F.3d 1274, 1277-78 (11th Cir. 2002). Minor-role reductions are to be given infrequently. United States v. Costales, 5 F.3d 480, 486 (11th Cir. 1993).

A two-level reduction for playing a minor role in the offense under U.S.S.G. § 3B1.2(b) is warranted if the defendant is less culpable than most other participants, but his role could not be described as minimal. U.S.S.G. § 3B1.2, comment. (n.3). The district court's determination concerning a role reduction is premised on a case-by-case factual inquiry and the court is guided by two principles. U.S.S.G. § 3B1.2, comment. (backg'd); De Varon, 175 F.3d at 941. First, the district court must assess whether a defendant is a minor participant in the relevant conduct attributed to him in calculating his base offense level. De Varon, 175 F.3d at 941. If a defendant's relevant conduct is identical to his actual conduct, then he cannot establish that he was entitled to a minor-role reduction. Id. Second, the district court may assess a defendant's culpability as compared to other participants in the relevant conduct. Id. at 944. It is possible that no one involved in the offense was a minor participant. Id.

Here, the court determined that Norton was responsible for his own conduct of allowing his bank account to be used to transfer funds as part of the bank fraud

scheme, which the court determined was an integral part of the conspiracy. Norton has not met his burden of showing that this finding was clearly erroneous or that he was entitled to a reduction. Moreover, even if Norton was less culpable than Davis, it is possible that no one was a minor participant. Therefore, the district court did not clearly err in denying the reduction.

### C. Identity Theft

Finally, Norton argues that he should not have received an enhancement for identity theft under U.S.S.G. § 2B1.1(b)(9)(C)(i). We conclude, however, that Norton's argument is without merit.

We review the district court's factual findings for clear error and its legal conclusions de novo. Devegter, slip op. at 1390.

Pursuant to § 2B1.1(b)(9)(C)(i), a defendant receives a two-level enhancement if his offense conduct involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any means of identification." U.S.S.G. § 2B1.1(b)(9)(C)(i). According to the commentary, "means of identification" includes those offenses defined in 18 U.S.C. § 1028. U.S.S.G. § 2B1.1, comment. (n.8(B)). According to § 1028(d)(7), "the term 'means of identification' refers to any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual . . . ."

18 U.S.C. § 1028(d)(7); United States v. Auguste, 392 F.3d 1266, 1267-68 (11th Cir. 2004).

In this case, the district court applied the enhancement because Norton admitted that he opened the bank account using a real person's name and a fake social security number. Thus, under the guideline, Norton used one means of identification (the name) to obtain another means of identification (the bank account number). Auguste, 392 F.3d at 1268. Because Norton's conduct falls within the parameters of 18 U.S.C. § 1028(d)(7) and U.S.S.G. § 2B1.1(b)(9)(C)(i), we conclude that the district court properly applied the enhancement.

III. Conclusion

For the foregoing reasons, we VACATE Norton's 30-month sentence and REMAND this case for resentencing under an advisory guidelines scheme.